UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

LONELLE GREEN,

Defendant.
_______________________________/

Case No. 10-20278

Sean F. Cox
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

**REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO SUPPRESS (Dkt. 25 )**

## I. PROCEDURAL HISTORY

Defendant was initially charged, in an indictment unsealed on June 17, 2010, with being a prohibited person in possession of a firearm on August 17, 2009. (Dkt. 3). A first superseding indictment was filed on October 20, 2010, charging defendant with the same firearm offense as alleged in the initial indictment and with being in possession of crack cocaine with the intent to distribute on March 23, 2010. (Dkt. 21). Defendant filed a motion to suppress on November 19, 2010. (Dkt. 25). An evidentiary hearing was held on the motion on January 28, 2011.

## II. RELEVANT FACTS

On March 23, 2010, officers with the Flint Area Narcotics Group (FANG) were conducting an investigation in the City of Flint. Officers observed defendant

engaged in activity that caused them to believe a drug offense had been committed by defendant and he was placed under arrest.[1] The propriety of the arrest was not challenged in the motion. Once under arrest, defendant was taken, in handcuffs, to the police vehicle of Officer Kevin Jones, one of the FANG officers involved in the investigation, and placed in the front passenger seat. Officer Jones got into the front driver's seat and began to question defendant. The questions asked of defendant came from a standard form used by officer Jones under such circumstances and consisted of some questions relating to biographical information as well as some questions relating to defendant's present circumstances including whether defendant was "high" at the time of the questioning. Defendant made an affirmative response to the question about being "high" but Officer Jones believed defendant's response was an "obvious lie" based on the way defendant answered the question and his demeanor at the time. Officer Jones then asked defendant if he understood what was going on and defendant made an affirmative response to that as well. Additionally, Officer Jones, who had received training in recognizing when individuals are under the influence of drugs or alcohol, did not observe any conduct on defendant's part suggesting that defendant was under the influence of drugs or alcohol. According to Jones, defendant was pleasant, did not have any

[1] The parties elected not to order a transcript of the evidentiary hearing so this report and recommendation does not contain page references to a transcript of the hearing.

trouble walking, he responded properly to the questions Jones asked, he did not have slurred speech and he was not shaking. The same form also contained a standard advice of rights section, which Officer Jones read to defendant and defendant informed Jones he understood his rights and was willing to waive his *Miranda* rights. Defendant then provided incriminating information to Jones relating to his involvement in drug trafficking activities. The statements made by defendant were consistent with the observations by Jones as to earlier activity in which he had seen defendant engage. Officer Jones testified that he did not make any promises to defendant or threaten him to get him to make the statement. Defendant was released after the statement was taken.

Trooper Stacy Moore, another officer associated with the FANG unit, also was involved in the operation on March 23, 2010 that resulted in defendant's arrest. She observed defendant being escorted to Officer Jones' vehicle and did not observe any problems with defendant walking to the vehicle. She then went to the driver's side of the vehicle and positioned herself so that she could hear the discussion that took place between defendant and Officer Jones. Moore described defendant as being polite, talkative and normal during his conversation with Officer Jones. She did not observe any slurred speech or shaking and did not observe anything that caused her to hesitate regarding defendant's competency to make a statement. Tpr. Moore also perceived defendant's response to the question

about being "high" as a sarcastic response and she observed him "smirk" when he gave that response and, therefore, did not believe he was high.

Defendant testified in his own behalf at the hearing and stated had a "short memory" and that he was "addicted" to drugs at the time of the incident in question. He said he had used heroin for many years and he had been on a methadone program since May of 2009. While defendant recognized his name on the advice of rights form he said he did not remember signing the document and did not remember making a statement to the police. As an example of his "short memory" defendant testified he did not remember what he had eaten earlier on the day of the hearing. He said he had taken methadone and smoked crack in the morning that day. He stated he had used drugs earlier in the day. Defendant did not allege any promises had been made to him, that any threats had been made to him or that any force had been used to cause him to make the statement he made to Officer Jones.

## III. ANALYSIS AND CONCLUSION

Defendant seeks the suppression of his statements to Officer Jones by claiming the statements were involuntary because he was high on drugs at the time the statements were made. Defendant does not allege, and no evidence offered at the hearing establishes, that any police officer involved in defendant's arrest engaged in any coercive conduct toward defendant. A recent case from the Sixth

Circuit dealing with the voluntariness of a defendant's statement is *United States v. Johnson*, 351 F.3d 254 (6th Cir. 2003). A number of the controlling principles associated with evaluating the voluntariness of a defendant's statement were identified in *Johnson*. First, the court noted, citing *United States v. Mahan*, 190 F.3d 416 (6th Cir. 1999), that the "totality of the circumstances" should be assessed in order to determine if a defendant's will was overborne in a particular case. *Id*. at 260. Second, where a defendant claims a coerced confession, the government has the burden of proof, by a preponderance, that the confession was voluntary. *Id*. Third, the three factors to be examined in this regard are: (1) whether the police activity was objectively coercive; (2) whether the coercion in question was sufficient to overbear the defendant's will; and (3) whether the police misconduct was the crucial motivating factor in the defendant's decision to offer the statement. *Id.* "Coercive police conduct is a necessary predicate to the finding that a confession is not voluntary within the meaning of the Due Process Clause of the Fourteenth Amendment." *Colorado v. Connelly*, 479 U.S. 157, 167 (1986). To be involuntary, the statement must be "extorted" from defendant by the police by means of coercive activity. *McCall v. Dutton*, 863 F.2d 454, 459 (6th Cir. 1988). "If the police misconduct at issue was not the 'crucial motivating factor' behind [defendant's] decision to confess, the confession may not be suppressed." *Id*.

Promises by police can amount to coercion under certain circumstances.

"[A] promise of lenient treatment or of immediate release may be so attractive as to render a confession involuntary." *United States v. Wrice*, 954 F.2d 406, 411 (6th Cir. 1992). However, "promises of leniency" are coercive only "if they are broken or illusory." *Johnson*, 351 F.3d at 262. No evidence of promises by police officers was presented at the evidentiary hearing.

Defendant does not allege any coercive conduct of any form exists in the present case and none is apparent from the facts testified to at the evidentiary hearing. Defendant's claim of being under the influence of drugs at the time his statements were made is disputed by the testimony of the police officers but, even if it was true, that would not support a finding, without evidence of coercion, that the statements were involuntary. *United States v. Treadwell*, 11 Fed.Appx. 502, 511 (6th Cir. 2001) (defendant under the influence of five times the normal dosage of medication); *Marcum v. Knight*, 1991 WL 1106 (6th Cir. 1991) (defendant drinking heavily).

In the present case, there is no evidence of any coercive conduct engaged in by the police. Without that, the "necessary predicate" for the suppression of the evidence is missing and the motion must fail as a result.

## IV. RECOMMENDATION

Based on the above, the undersigned **RECOMMENDS** that defendant's motion to suppress be **DENIED**. The government has met its burden of proof to

establish that defendant's statements to Officer Jones were voluntary.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may

rule without awaiting the response.

s/Michael Hluchaniuk
Date: February 11, 2011 Michael Hluchaniuk
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I certify that on February 11, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: C. Frederick Robinson and Nancy A. Abraham, AUSA.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov