UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                                                    Case No. 10-20278

Lonelle Green,                                                         Honorable Sean F. Cox

    Defendant.
_____/

## ORDER ADOPTING THE REPORT & RECOMMENDATION OF THE MAGISTRATE JUDGE

INTRODUCTION

Defendant Lonelle Green ("Defendant") is charged with one count of being a Felon in Possession of a Firearm, in violation of 18 § U.S.C. 922(g)(1), and one count of Possession with Intent to Distribute Cocaine Base in the form of Crack Cocaine [Indictment, Doc. No. 21]. The case is currently before the Court for consideration of the Magistrate Judge's Report and Recommendation ["R&R", Doc. No. 37] regarding Defendant's Motion to Suppress Statements [Mtn. to Supp., Doc. No. 25]. An evidentiary hearing was held on January 28, 2011, and the parties have briefed the issues. For the reasons that follow, the Court **ADOPTS** the R&R in its entirety and **DENIES** Defendant's Motion to Suppress.

BACKGROUND

I.    Factual Background.

On March 23, 2010, while conducting an investigation, Flint Police officers arrested

Defendant for a drug offense.[1] R&R at 1-2. After the arrest, officers placed Defendant in the front passenger seat of a police vehicle. *Id*. at 2. Officer Kevin Jones testified that he asked Defendant questions from a standard form in order to learn Defendant's biographical information and Defendant's present condition. *Id*. Officer Jones asked Defendant whether Defendant was "high" at the time of questioning. *Id*. Defendant responded that he was "high," but Officer Jones testified that he believed Defendant's response was an "obvious lie." *Id*. Defendant answered affirmatively when asked if he understood what was going on and Officer Jones did not observe any conduct on the part of Defendant to suggest that Defendant was high. *Id*. Officer Jones then read Defendant his rights and Defendant stated that he was willing to waive his rights. *Id*. at 3. Defendant subsequently provided incriminating information regarding his drug dealing activities which corroborated the officers' earlier observations prior to their arrest of Defendant. *Id*.

Additionally, Trooper Stacey Moore, who was also involved in Defendant's arrest, testified that Defendant did not have any trouble walking and did not have slurred speech. *Id*. She also testified that Defendant was polite and talkative and that she did not observe any conduct on the part of Defendant to suggest he was not competent to make a statement. *Id*. Trooper Moore also testified that she perceived Defendant's statement that he was "high" as a sarcastic remark. *Id*. at 4.

Defendant also testified at the evidentiary hearing, stating that he had taken methadone and smoked crack the morning of his arrest. *Id*. He also testified that he did not remember

---

[1] The only detailed record of the events that occurred during Defendant's arrest and questioning are found in the Magistrate Judge's R&R. Defendant does not allege any additional or distinct facts in his Motion to Suppress.

signing Officer Jones' "advice of rights" form or making a statement to the officers. *Id.* Finally, Defendant testified that the officers did not make any promises to him, did not threaten him, and did not use force against him. *Id.*

II.     Procedural Background.

On November 19, 2010, Defendant filed the instant Motion to Suppress statements. The Government filed its Response to Defendant's motion on December 10, 2010 [Response, Doc. No. 31]. On February 11, 2011, Magistrate Judge Hluchaniuk issued his R&R in which he recommended that the Court deny Defendant's motion to suppress. Defendant failed to object to the R&R within the 14 day period as provided for under Federal Rule of Civil Procedure 72(b)(2).

STANDARD OF REVIEW

The Sixth Circuit has stated that "a party must file timely objections with the district court to avoid waiving appellate review." *Smith v. Detroit Federation of Teachers Local*, 231, 829 F.2d 1370, 1373 (6th Cir. 1987). "[O]nly those specific objections to the magistrate's report will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Id.* "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

Federal Rule of Civil Procedure 72(b)(3) provides: "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.*; 28 U.S.C. § 636(b)(1). In making this determination, the court is not required to conduct an evidentiary hearing. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980) ("[I]n providing for

a 'de novo determination' rather than a de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.").

## ANALYSIS

Defendant does not allege that the arresting officers engaged in any coercive activity in order to obtain a statement from Defendant.  Moreover, the Magistrate Judge found no evidence that the police officers who arrested Defendant engaged in any coercive conduct.  With no evidence of coercive conduct, Defendant cannot show that his confession was involuntary. *Colorado v. Connelly*, 479 U.S. 157, 167 (1986).

Furthermore, Defendant has failed to timely file any objections to the Magistrate Judge's R&R.  Because Defendant has failed to object, and also because the Court agrees with the Magistrate Judge's reasoning, the Court adopts Magistrate Judge Hluchaniuk's R&R.

## CONCLUSION

For the reasons above, the Court **ADOPTS** the Magistrate Judge's February 11, 2011 Report and Recommendation and **DENIES** Defendant's Motion to Suppress Statements.

**IT IS SO ORDERED.**

S/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated:  March 29, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 29, 2011, by electronic and/or ordinary mail.

S/Jennifer Hernandez  
Case Manager