UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

      Plaintiff/Respondent,

                                  Criminal Case No. 10-20278
v.                                      Civil Case No. 16-12416
                                        Hon. Sean F. Cox

Lonelle Green,

      Defendant/Petitioner.

_____/

**OPINION & ORDER**
**DENYING § 2255 MOTION AND DECLINING TO ISSUE A CERTIFICATE OF**
**APPEALABILITY**

In Criminal Case Number 10-20278, Petitioner Lonelle Green ("Petitioner") pleaded

guilty, pursuant to a Rule 11 Plea Agreement, to one count of possession of a stolen firearm in

violation of 18 U.S.C. § 922(j). This Court sentenced Petitioner to a total term of 100 months.

The matter is now before the Court on Petitioner's *pro se* Motion to Vacate Sentence,

(Doc. #52, Pet. Br.), brought pursuant to 28 U.S.C. § 2255. Petitioner's request for relief is

based upon the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2251 (2015),

which held that the residual clause of the Armed Career Criminal Act ("ACCA") was

unconstitutionally vague. The Government has filed a response opposing Petitioner's motion,

(Doc. #55, Gov. Resp.). Petitioner has not filed a reply to the Government's response and time

to do so has passed.

Because the files and records of the case conclusively establish that Petitioner is not

entitled to relief as to any of the claims set forth in this § 2255 motion, an evidentiary hearing is

1

not necessary and the decision is therefore ready for a decision by this Court.  For the reasons set forth below, Petitioner's motion to vacate will be **DENIED**.  Moreover, the Court declines to issue a certificate of appealability.

## BACKGROUND

### Rule 11 Plea Agreement

On June 8, 2011, Petitioner pleaded guilty, pursuant to a Rule 11 Plea Agreement, "to count one of a superseding information charging him with possession of a stolen firearm in violation of 18 U.S.C. § 922(j).  (Doc. #50, Rule 11 Plea Agreement).   The Rule 11 Plea Agreement provided the following factual basis for Petitioner's guilty plea:

> On August 27, 2009, at 421 East Pulaski, Flint, Michigan, defendant possessed a firearm which he knew was stolen.  The firearm, a loaded Taurus, Model PT145, .45 caliber, semi-automatic pistol, serial number NXH08823 was manufactured outside the state of Michigan and therefore traveled in interstate commerce prior to defendant's possession.

> Defendant ***agrees*** that prior to the commission of the offense ***he was convicted of at least three prior drug trafficking offenses***.  On May 29, 2011 defendant had contact with a government witness and obstructed justice attempting to influence the witness' testimony.

(*Id*. at 2) (emphasis added).  The Agreement further provided that there were no sentencing disputes and that Petitioner's guideline range was 120 months.  (*Id*.).

The Rule 11 Plea Agreement included a section entitled, "Appeal Waiver," which provided, in relevant part, that:

> If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant waives any right he has to appeal his conviction or sentence, on any grounds whatsoever . . . .

> Defendant understands that defendants generally have the right to attack their convictions and sentences by filing post-conviction motions, petitions, or

2

independent civil actions.  As part of this agreement, however, ***defendant knowingly and voluntarily waives that right and agrees not to contest his/her conviction or sentence in any post-conviction proceeding***, including–but not limited to–any proceeding under 28 U.S.C. § 2255.

(*Id*. at 6-7) (emphasis added).

By signing the Rule 11 Plea Agreement, Petitioner acknowledged the following: (1) he read the Agreement or had the Agreement read to him; (2) he understood the Agreement and agreed to its terms; (3) he was satisfied with his trial attorney's advice and representation; and (4) he had a full and complete opportunity to confer with his trial attorney and all of his questions have been answered by his attorney.  (*Id*. at 9).

**Presentence Report**

On July 27, 2011, the probation department prepared a presentence report ("PSR").  Petitioner's base offense level was calculated at 24 points pursuant to United States Sentencing Guideline 2K2.1(a)(2).  (PSR at ¶ 18).  That subsection assigns 24 base offense level points when "the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense."  U.S.S.G. 2K2.1(a)(2).  The PSR indicated that Petitioner's base level offense was 24 because he had "at least two prior convictions for controlled substance offenses.  Specifically, in 2006, [Petitioner] was convicted of Possession With Intent to Deliver Heroin, and in 2009 [Petitioner] was convicted of Delivery of Cocaine Less Than 50 Grams."  (PSR at ¶ 18).

Petitioner also received the following increases and decreases in his base offense level: a two-level increase because the firearm in his possession was stolen, a two-level increase for obstruction of justice, and a two-level decrease for acceptance of responsibility.  (*Id*. at ¶¶ 19,

3

22, 24).

Petitioner's criminal history category was V, resulting in a guideline range of 100-120 months.  (*Id*. at ¶¶ 86-88).  Neither party filed objections to the PSR.

**Petitioner's Sentence**

On October 5, 2011, Petitioner was sentenced to a term of 100 months of imprisonment, which fell below the 120 month guideline range in Petitioner's Rule 11 Plea Agreement.  A Judgment was entered on October 21, 2011.  (Doc. #51, Judgment).  Petitioner did not file a direct appeal.

**Instant § 2255 Motion**

On June 21, 2016, more than four years after the date in which Petitioner's conviction became final, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255.  (Pet. Br.).  Petitioner alleges three grounds for relief, all of which relate to the Supreme Court's decision in *Johnson*.

In his first ground for relief, Petitioner asserts that he was "incorrectly sentenced as a violent felon, on a vague definition, when [he] actually [did] not have any conviction for a violent crime . . . . [t]he Supreme Court struck down that part of the ACCA affecting the definition of 'violent felony,' and determined the statute is 'void for vagueness.'" (*Id*. at PgID 250)  In his second ground for relief, Petitioner asserts that his "Counsel was ineffective, and/or, the sentence constitutes plain error when it is now recognized that there was no violence and no violent crime ... committed by [Petitioner.]"  (*Id*.).  In his final ground for relief, Petitioner asserts that "[t]his Court has jurisdiction to review its previous sentencing decision in view of the Supreme Court decisions recently handed down in Johnson and Welch..."  (*Id*.).

4

**STANDARD**

Petitioner's motion is brought pursuant to 28 U.S.C. § 2255, which provides:

> A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence imposed was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255(a).  To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005).  A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

The Court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b); *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) ("evidentiary hearings are not required when . . . the record conclusively shows that the petitioner is entitled to no relief.").  Because the files and records of the case conclusively show that Petitioner is not entitled to relief as to any of the claims in this § 2255 motion, an evidentiary hearing is not necessary and the matter is ripe for a decision by this Court.

**ANALYSIS**

The Government opposes Petitioner's motion on three alternative grounds: (1) Petitioner

5

has waived his right to file a post-conviction § 2255 motion; (2) *Johnson* does not apply to

Defendant's sentence; and (3) Defendant's motion is untimely.  (Gov. Resp. at 4-5, 7).

**A.**      **Because *Johnson* Does Not Apply to Petitioner's Sentence, Petitioner's § 2255 Motion Is Time-Barred By The AEDPA's One-Year Statute of Limitations**

Petitioner's § 2255 motion–filed more than four years after the date in which Petitioner's

conviction became final–is time barred by the Anti-Terrorism and Effective Death Penalty Act's

("AEDPA") one-year statute of limitations.

### 1.      Statute of Limitations

The AEDPA "provides a one-year statute of limitations for filing a federal habeas

petition."  *Cleveland v. Bradshaw*, 693 F.3d 626, 631(6th Cir. 2012).  Specifically, 28 U.S.C. §

2255(f) mandates that a "1-year period of limitation shall apply to a motion under this section.

The limitation period shall run from the latest of–

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Because the instant motion was filed more than four years after the date in which

Petitioner's judgment of conviction became final, it is clearly untimely under § 2255(f)(1).

6

Presumably, then, Petitioner seeks to bring his motion under § 2255(f)(3) by asserting claims under *Johnson*. It is undisputed that the Supreme Court announced a new rule in *Johnson* and that this rule has since been made retroactive upon collateral review. Thus, if *Johnson* applied to Petitioner's sentence, the instant motion would be timely because the period of limitations would not have run until "the date on which the right asserted was initially recognized ... and made retroactively applicable..." to the instant case. 28 U.S.C. 2255(f)(3).

For reasons more fully developed below, the Court concludes that the holding in *Johnson* does not apply to Petitioner's sentence and, therefore, the period of limitations did not run from the date on which *Johnson* was decided. Rather, the limitations period began to run from the date on which Petitioner's conviction became final. Accordingly, Petitioner's motion to vacate is time-barred by the AEDPA's one-year statute of limitations.

In *Johnson*, the Supreme Court held that the Armed Career Criminal Act's ("ACCA") residual clause–which defined a "violent felony" as "otherwise involv[ing] conduct that presents a serious potential risk of physical injury to another"–was unconstitutionally vague. *Johnson*, 135 S.Ct. at 2563.

Here, Petitioner's three grounds for relief all stem from the argument that he was "incorrectly sentenced as a violent felon, on a vague definition..." (Pet. Br. at Pg ID 250). Petitioner argues that since his sentencing, the Supreme Court in *Johnson* has "struck down that part of the ACCA affecting the definition of 'violent felony,' and determined the statute 'void for vagueness.'" (*Id.*). Petitioner argues that, "[w]ith the Supreme Court's acknowledgment of retroactivity, this court now has the opportunity to review its previous decision on sentencing..." (*Id.* at Pg ID 254).

Petitioner's reliance on *Johnson* is misplaced because *Johnson* is inapplicable under the facts of this case. Petitioner's sentence was not based on the residual clause of the ACCA. Nor was Petitioner's sentence based on the career offender guidelines or any other sentencing guideline provision that has a clause similar to the invalidated residual clause of the ACCA.

Instead, Petitioner's sentence was calculated at a base offense level of 24 under U.S.S.G. § 2K2.1(a)(2) because Petitioner had two or more prior *controlled substance offenses* – not because Petitioner had prior crimes of violence. In fact, Petitioner admitted as much in his Rule 11 Plea Agreement: "Defendant agrees that prior to the commission of the offense he was convicted of at least three prior drug trafficking offenses." (Rule 11 Plea Agreement at Pg ID 227). To further substantiate this point, the PSR also indicated that Petitioner's base offense level was 24 because Petitioner had "at least two prior convictions for controlled substance offenses." (PSR at ¶ 18).

Accordingly, because Petitioner's sentence was based upon prior controlled substance offenses, *Johnson* is of no relevance here. *See e.g. Garza v. United States*, 2016 WL 3682911, at *2 (E.D. Mich. July 11, 2016) (sentence/career offender status that is predicated upon prior controlled substance offense is unaffected by *Johnson*); *Russell v. United States*, 2016 WL 3951144 (E.D. Tenn. July 19, 2016) (*Johnson* does not apply where prior drug offenses support characterization as career offender status under the Sentencing Guidelines).

Thus, Petitioner's § 2255 motion is untimely under subsection (f)(3). *See United States v. Fisher*, 2016 WL 3906644, at *3 (E.D. Ky. July 14, 2016) (holding that § 2255 motions brought under § 2255(f)(3) are untimely when *Johnson* is inapplicable to the Petitioner's sentence).

8

**B.**     **Certificate of Appealability**

A certificate of appealability must issue before a petitioner may appeal the district court's denial of his § 2255 Motion.  28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b).  28 U.S.C. 2253 provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of a denial of a constitutional right.  28 U.S.C. 2253(c)(2).

"Where a district court has rejected the constitutional claim on the merits, the showing required to satisfy 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Where a district court denies habeas relief on procedural grounds without reaching the petitioner's constitutional claims, a certificate may issue only if the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.* at 484-85.

The Court concludes that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong.  As such, the Court declines to issue a certificate of appealability.

## CONCLUSION & ORDER

For the foregoing reasons, Petitioner's § 2255 motion is **DENIED** and **DISMISSED WITH PREJUDICE**.  **IT IS FURTHER ORDERED** that the Court **DECLINES TO ISSUE** a

Certificate of Appealability.

        **IT IS SO ORDERED**.


Dated:  November 3, 2016                   S/ Sean F. Cox_____
                                             Sean F. Cox
                                             U. S. District Judge


I hereby certify that on November 3, 2016, the foregoing document was served on counsel of record via electronic means and upon Lonelle Green via First Class mail at the address below:

Lonelle Green 44356039
SHERIDAN FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 6000
SHERIDAN, OR 97378


                   S/ J. McCoy_____
                   Case Manager